**UNITED STATE BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br>**Wellington & Pulaski Condominium Association Inc.,**<br>Debtor. | Chapter 11 Case No. 15 B-035476<br>Judge Carol A. Doyle<br>Hearing Date: 12/02/2015<br>Hearing Time: 10:30 a.m. |
| **CHI4005 LLC, an Illinois limited liability company, 4003 Wellington 2, Inc, an Illinois Corporation,**<br>Plaintiff,<br>            vs.<br>**Wellington & Pulaski Condominium Association Inc, an Illinois not-for-profit corporation, Wellington Pulaski Irrevocable Trust, The Board of Managers of the Wellington & Pulaski Condominium, 7942 Country Club Inc, an Illinois Not for Profit corp., 7942 Country Club Irrevocable Trust, James Reed, James W Reed, James W Reed Jr., George Somer, Leonardo Coppola and Antonio Tapia,**<br>Defendants,<br><br>            And<br>**J P Morgan Chase Bank,**<br>A necessary party solely to enforce the order of court. | Adversary Proc. No. 15-00786<br><br>Removed from the Circuit Court of Cook County, Illinois,<br>Case No. 15 CH 14052 |

## MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1446

COMES NOW the Movants, CHI4005 L.L.C. an Illinois limited liability company, and 4003 Wellington 2 Inc., an Illinois corporation, by their attorneys and, pursuant to 28 U.S.C. §1446, move this Honorable Court to remand case 2015 CH 14052 ("State Court Proceeding") to the Circuit Court of Cook County, Illinois, which proceeding is the subject matter of the October 23, 2015 Notice of Removal as an Adversary Proceeding filed by James Reed (Reed) pro se.

**I**

1

## INTRODUCTION

2015 CHI4005 L.L.C, an Illinois limited liability company and 4003 Wellington 2 Inc., an Illinois corporation (Movants) are the plaintiffs in the removed State Court Proceeding which was presided over by the Honorable Kathleen Kennedy. Movants are fee simple unit owners in the Wellington & Pulaski Condominium. Movants are members of Wellington & Pulaski Condominium Association Inc. (association). Movants assert in their verified State Court Proceeding complaint that Reed, among other things fraudulently diverted and removed by electronic means (wire fraud) an amount in excess of $140,000.00 from the J. P. Morgan Chase bank accounts of both the Movants and the association and transferred those funds into a J. P. Morgan Chase bank account over which he had control along with George Somer (Somer) in their alter-ego J. P. Morgan Chase bank account under the name 7942 Country Club Inc. (7942) in which the association had no interest.

Reed is the primary defendant in the removed State Court Proceeding and he filed the October 23, 2015 Notice of Removal without standing to do so. Reed is not a fee simple unit owner in the Wellington & Pulaski Condominium. Reed is not a member of the Wellington & Pulaski Condominium association ("association"). Reed did not file a cross-complainant in the removed State Court Proceeding. Reed is not a creditor in the Chapter 11 Involuntary Bankruptcy Proceeding**.**

Reed is not a stranger to wire fraud and theft as set-out in the removed State Court Proceeding. Reed was convicted by a jury in the United State District Court for the District of Minnesota for nine counts of wire fraud which **"charges arose from Reed's misappropriation of money from a church after he gained the confidence of the church's pastor. The**

2

**indictment was based on Reed's transfers by wire of funds from a church bank account."** *United States of America, Appellee, v. James William Reed, Appellant.* 724 F.2d 677.[**EX 4.**] Reed was later indicted in the United State District Court for the District of Minnesota for bank fraud, money laundering and other related offenses. **"After James Reed pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, the district court sentenced him to forty-six months imprisonment and five years supervised release."** *United States of America, Appellee, v. James W Reed*, Appellant. 221 F.3d 1345.[**EX 5**].

Whether by gaining the confidence of a church pastor, whether by gaining the confidence of a banker, whether by gaining the confidence of inexperienced condominium unit owners, Reed has and will take advantage of any opportunity which presents itself for his own advantage and ultimately financial gain. Reed regards his lack of standing as an inconvenience and his forum shopping as a means towards an end, to circumvent the removed State Court Proceeding and in particular circumvent the Honorable Kathleen Kennedy who turned off the financial faucet of association bank accounts and who removed him from the Board of Managers of the association until further order of court. Reed remains off the Board and the accounts remain frozen.

Reed asserts the State Court Proceeding is a core proceeding even though he has not offered any statement or document which remotely suggests the removed State Court Proceeding arose from or is related to the Chapter 11 Involuntary Bankruptcy Proceeding as required in Section 157 of the Act. Reed has not offered an explanation how his conduct, as alleged in the removed State Court Proceeding, directly affects the Estate of the Debtor.

## II

## ABBREVIATED FACTS OF UNDERLYING STATE COURT PROCEEDING

On September 24, 2015 CHI4005 L.L.C. filed suit against Reed, Somer, his co-conspirator and 7942 asserting, among other things, breach of fiduciary duty, dissipation of association assets for personal gain, theft of association assessments and reserves, conversion of association working capital, wire fraud and other civil causes of action. On September 25, 2015 the Honorable Kathleen Kennedy conducted an emergency ex-parte proceeding to consider [1] whether there was a factual basis for Movant's verified claims against Reed, Somer and 7942, [2] whether there was a reasonable likelihood that the Movant would prevail, and [3] whether there was sufficient basis to enter a Temporary Restraining Order (TRO).  After examining and considering published evidence in the U.S. Fed. Reporter (221 F.3d 1345 [**Ex 4**] and 724 F.2d 677 [**Ex 5**] of Reed's federal indictments for wire fraud, bank fraud and money laundering as well as his two convictions and his incarceration; after examining all the J. P. Morgan Chase banking records of the Plaintiffs, Reed, Somer, 7942, and the association, and [3] after hearing testimony, the Honorable Kathleen Kennedy entered a Temporary Restraining Order (TRO), a copy of which is attached hereto. [**EX 1**]  Judge Kennedy specifically found and set out in her TRO as to Reed and Somer that **"immediate and irreparable loss will result to the plaintiff and that if an injunction does not issue"** (emphasis added) there will be **"continued dissipation of assets of the condo association and conversion of association assets for personal gain."** (emphasis added)  To enforce her findings of fact and to protect the association from continued dissipation of assets by Reed and Somer for their personal gain,  Judge Kennedy [1]temporarily removed Somer and Reed from the association Board of Managers (they remain off the Board),  [2] froze the J. P. Morgan Chase bank accounts of Reed and Somer ( the remain

4

frozen unless they have opened nee accounts) [3] revoked the access of Reed and Somer to association bank accounts and [4] barred Reed and Somer from taking any action on behalf of or in the name of the association until further notice of court.  Neither Reed nor Somer ever sought to vacate the TRO at subsequent hearings, status calls or motions nor did they ever seek to appeal the Order.

On October 8, 2015 Movants filed their First Amended Complaint adding 4003 Wellington 2 Inc., an Illinois corporation and owner of unit 4003-2 as a new plaintiff in the State Court Proceeding alleging it too suffered the same electronic diversion of its monthly assessments by Reed and Somer commencing July, 2013. The First Amended Complaint in the State Court Proceeding is attached hereto as **Exhibit 2**. and its exhibits are attached hereto as **Exhibit 3.** None of the defendants in the removed State Court Proceedings have answered or otherwise plead.

### III

### ARGUMENT

A bankruptcy petition operates as a stay, applicable to all entities of various types of actions, to obtain affirmative relief against the debtor or his property. 11 U.S.C. § 362(a). The purpose of the automatic stay is to reinforce the jurisdiction of the bankruptcy court over the debtor's assets and forestall the race to levy upon or make claims against the debtor's property with possibly inconsistent results. *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co*., 458 U.S. 50, 102 S.Ct. 2858,73 L.Ed.2d 598 (1982), which was the progenitor of the new bankruptcy court jurisdictional scheme, holds, at a minimum, that bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law.458 U.S. at 84, 102 S.Ct. at 2878, 73 L.Ed.2d at

5

623. A motion to remand and reject an adversary proceedings which was formally the State Court Proceeding and a companion motion to lift the automatic stay of proceedings offers the bankruptcy court an opportunity to consider the merits of the removal, whether there is standing by the petitioner to tender the Removal Order and whether the bankruptcy court may be over-reaching their jurisdictional boundaries if it accepts the removed proceeding.

First, and primary, Reed has not and cannot demonstrate his standing to remove the State Court Proceeding. Reed is not a creditor of the association in the removed State Court Proceeding. Reed has not filed any claims against the association in the removed State Court Proceeding. Reed is not one of the three creditors who filed claims in the Chapter Eleven Involuntary Proceeding. Reed is not a fee simple unit owner in the Wellington & Pulaski condominium. Reed is not a member of the association. Reed has not offered how the State Court Proceeding against him directly affects the alleged debtor in the Chapter Eleven Involuntary Proceeding. Specifically, Reed has not demonstrated how a judgment against him in the State Court Proceeding or, for that matter a judgment in the Chapter Eleven Adversary Proceeding directly affects the alleged debtor.

Second, the State Court Proceeding is not a core proceeding as set out in section 157(b)(2)(B) of title 28, United States Code. Section 157(b) contains a list of situations that constitute "core" proceedings, and no such a situation exists here. It bears repetition that there are no claims asserted and no demands for damages are made against the association in the removed State Court Proceedings by the Movants, Reed or any of the three alleged creditors. There are no allegations of any debtor-creditor relationship in the removed State Court Proceeding or the adversary proceeding. None of the State Court Proceeding claims arose from the Chapter Eleven Involuntary Bankruptcy Proceeding. The State Court Proceeding claims are not related to the

Chapter Eleven Involuntary Proceeding or the Adversary Proceeding. None of the removed State Court Proceeding claims are required to be adjudicated in the bankruptcy court as contemplated in the Act and as offered in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). There is no reasonable scenario by which the allegations of wire fraud, theft, or breach of fiduciary against Reed are related to or arose from the alleged indebtedness of the association to the three creditors.

Third, it has been well established that good faith is an implied jurisdictional requirement for filing a Chapter 11 case. See *In re Brookdale Gardens Ass'n, Inc*., 2010 WL 2015264 (Bankr. D.N.J. May 10, 2010) and it is a reasonable extension of that principle to assert that when seeking to remove a State Court Proceeding and insert it into an Involuntary Chapter 11 Bankruptcy Proceeding as an adversary matter, the same good faith jurisdictional standard applies. Reed has not and cannot satisfy that jurisdictional standard of good faith. Reed comes to this Honorable Court with unclean hands.

It is "the function of the trial judge to weigh the evidence and make findings of fact" and as a general rule courts do not substitute their judgment for that of the trier of fact. See *Falcon v. Thomas*,258 Ill.App.3d 900, 909 (1999), *Bank of America vs WS Management, Inc*, 2015 IL App (1st) 132551. Based solely on Judge Kennedy's specific finding of fact that Reed, along with Somer, had dissipated assets of the association for personal gain and based on Judge Kennedy's extraordinary remedies to eliminate the "continued dissipation" of association assets by Reed and Somer and to protect the association from the conduct of Reed and Somer, Movants offer this Honorable Court should not substitute their judgment for that of Judge Kennedy. This Honorable Court conclude [1] that the removed State Court Proceedings were not delivered to this Honorable Court by Reed in good faith, for proper purposes, with clean hands and [2] that

the aforesaid jurisdictional standard of good faith cannot be implied. Reed's sole purpose for the Removal Order was improper forum shopping in order to disrupt the State Court Proceedings.

Reed's lack of good faith extends to his pleading within the Notice of Removal which is replete with sanctionable mischaracterizations and falsehoods. Reed asserts the primary defendant in the removed State Court Proceeding was the association and that Movants claims of breach of fiduciary duty, dissipation of association assets for personal gain, theft of association assessments and reserves, conversion of association working capital, wire fraud were asserted against the association when the opposite is true (See Ex 2.and Ex. 3). Reed falsely asserts that the assets of the association were at issue in the State Court Proceedings when the opposite is true (See Ex 2.and Ex. 3). The only assets of the association at issue in the removed State Court Proceeding were those which Reed removed from the association's J. P. Morgan Bank accounts by wire fraud. All of the foregoing is, to use the proverbial phrase, "fishy" and therefore the this Honorable Court should disregard all of Reed's red herrings designed to distract this Honorable Court from Reed's lack of standing, lack of good faith, and lack of a core proceeding.

IV

CONCLUSION

Reed's Removal Order represents an undisguised last ditch effort to derail the State Court Proceeding as well as derail Judge Kennedy by overt and impermissible forum shopping. Reed does not have standing to remove the State Court Proceeding. The claims in the State Court Proceeding do not arise from the Chapter Eleven Involuntary Proceeding nor are they related to that proceeding. Reed's Removal of the underlying State Court Proceeding as well as the removal of a companion case filed by the city of Chicago in the Cook County, Illinois Circuit Court as case 11 M1 40071 for failure of Reed to correct violations is nothing short of

irresponsible, unacceptable and ill-perceived "damage control" as both courts circle-in on Reed as well as Somer.

Removal of these State Court Proceedings to this Honorable Court will not change either the facts or the likely result. In every circumstance the paper trail of Reed's J. P. Morgan Chase bank records and the stolen funds end-up at the door step of Reed's residence, a UPS store. It is worth calling to the attention of this Honorable Court that Reed's residential address in all pleadings and in all public registrations has been a variety of UPS Stores located at either 205 E Butterfield Rd., Elmhurst, Illinois; 1153 Lee Street, Des Plaines, Illinois and 310 Busse Rd., Park Ridge, Illinois or 1751 W Howard Street, Chicago, Illinois. Reed is hiding his actual residence. As suspicious as that may be, it should come as no surprise to this Honorable Court that the residences of the three signatories listed in the Chapter Eleven Involuntary Proceedings are the same Reed's UPS Stores. This court will eventually determine that this commonality is no coincidence, that it is the tip of the iceberg, and that Reed and the three creditors in the Chapter Eleven Involuntary Proceeding are related in what Movants suspect is a fraud on this Honorable Court as well as on the association.

Movants offer that remand to the Cook County, Illinois circuit court is the only appropriate remedy in these circumstances.

WHEREFORE, Movants, CHI4005 L.L.C., an Illinois limited liability company and 4003 Wellington 2 Inc., an Illinois corporation, pray as follows:

A. That this Court enter an order remanding the State Court Proceeding to the Circuit Court of Cook County, Illinois.

B. That this Court enter an order for sanctions, legal fees and punitive damages.

C.  That this court entered such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**CHI4005 L.L.C., an Illinois limited liability company and 4003 Wellington2 Inc., an Illinois corporation.**

By:   /s/ Kenneth A. Henry
      Kenneth A. Henry, Esq., Attorney for Movants

Kenneth A. Henry, Esq. (ARDC No. 1193457)
Attorney for Movants
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 857-0100
khenry@kahlaw.com