# EXHIBIT II

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CHI4005 LLC, an Illinois limited liability company, 4003 Wellington 2, Inc, an Illinois Corporation. | ] ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] |
| | ] |
| Wellington & Pulaski Condominium Association Inc, an Illinois Not for Profit corporation,  Wellington Pulaski Irrevocable Trust, The Board of Managers of the Wellington & Pulaski Condominium, 7942 Country Club Inc, an Illinois Not for Profit corporation,  7942 Country Club Irrevocable Trust,  James Reed, James W Reed, James W Reed Jr., George Somer,  Leonardo Coppola and Antonia Tapia | ] ] ] ] ] ] ] ] |
| Defendants. | ] |
| J P Morgan Chase Bank | ] |
| A necessary party solely to enforce order of court if entered | ] |
| Defendant | ] |

## VERIFIED FIRST AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY, FRAUDULENT MISREPREENTATION, FRAUDULENT CONCEALMENT, CONVERSION, UNJUST ENRICHMENT AND BREACH OF CONTRACT.

COMES NOW the Plaintiff, CHI4005 LLC, an Illinois limited liability company, by its attorney Howard Kilberg and Associates, and complains of Defendants [1] Wellington & Pulaski Condominium Association Inc. [Association], an Illinois Not for Profit corporation; [2] the Board of Managers of the Wellington & Pulaski Condominium Association [Board]; [3] 7942 Country Club Inc, an Illinois Not for Profit corporation [7942]; [4] the 7942 Country Club Irrevocable Trust [7942 Trust]; [5] James Reed, individually as and a director and officer of Wellington & Pulaski Condominium Association; as an officer and director of the 7942 Country Club Inc.; as Trustee of the 7942 Country Club Inc Irrevocable Trust, and as Trustee of the Wellington Pulaski Irrevocable Trust [Reed]; [6] George Somer, individually and as an officer and President of Wellington & Pulaski Condominium Association and as a diretor and Secretary of 7942 Country Club Inc [Somer].; J P Morgan Chase Bank[Chase], Leonardo Cappola, Antonio Tapia and for its causes of action states as follows:

2015 OCT -8 AM 11:38

## NATURE OF THE CASE

1.      This lawsuit arises from the Defendants' breach of their fiduciary duty to the Plaintiff and to the members of the Wellington & Pulaski Condominium Association [Association]; their disregard of the Association Declaration of Condominium and its By-Laws;[EX1 a conspiracy by and between James Reed and George Somer to disregard, diminish and defraud the Plaintiff and members of the Association; a conspiracy by and between James Reed and George Somer to convert assessment payments made by Plaintiff for the benefit of the Association by fraudulently causing the payments to be deposited into the account of an not-for-profit corporation which Reed and Somer formed and used to unjustly enrich themselves; a conspiracy by and between Reed and Somer to fraudulently misrepresent and fraudulently conceal material facts upon which Plaintiff justifiably relied and which they knew were untrue; Reed's breach of an oral contract, Reed's formation of an Irrevocable Trust for unlawful purposes and unjust enrichment.

2.      The authority of Reed and Somer to remain on the Board of Managers has been temporarily terminated.

### The Parties

Plaintiff, CHI4005 LLC, is an Illinois limited liability company IN GOOD STANDNG with the Illinois Secretary of State and is the owner of Unit 2956-2 and Unit 4005-3 in the Wellington & Pulaski Condominium and it has been a member of the Association since July 19, 2013.[EX A ]

Wellington & Pulaski Condominium Inc. is an Illinois not-for-profit corporation that is charged with the administration and management of the Wellington & Pulaski Condominium located at 2954 N Pulaski Rd. and 4003 West Wellington Street, Chicago, Illinois. [EX B.1 ]

7942 Country Club Inc. [7942] is an Illinois not-for-profit corporation formed on May 17, 2013 [EX C.1] and it is neither a member of the Association nor is it an agent of the Association.

7942 Country Club Irrevocable Trust is an alleged irrevocable Trust administered in Houston, Texas and its alleged beneficiaries are, 7942 Country Club Inc., Ipermi Inc. and Matthew D. Reed. [EX D]

2

**Wellington Pulaski Irrevocable Trust, James W Reed Jr., Trustee**, is an alleged irrevocable Illinois Trust located at 150 N Michigan Avenue, Suite 2800, Chicago, Illinois and it is neither a member of the Association nor an agent of the Association.[ EX E ]

**James Reed**, also known as **James W Reed** and also known as **James W Reed Jr**. [Reed], is an alleged officer and member of the Board of Managers of the Association.[B.1]

**Reed** is President of 7942 [**EX B.2** ]. Reed is the alleged Trustee of the 7942 Trust of which 7942 is an alleged beneficiary, all as set out in Reed's affidavit [**EX D** ]. Reed is the Trustee of the alleged Wellington Trust [ **EX E** ]

**Reed** was indicted by a United States of America Grand Jury in Minneapolis, Minn. in Case 98-cr-00176 for **money laundering**, **bank fraud**, and **fraud associated with the improper use of social security numbers**. Reed was convicted of Bank Fraud after negotiating a plea arrangement; Reed was sentenced to serve 46 months in the United States of America Bureau Federal Prisons and was incarcerated in a federal prison in Oxford, Wisconsin. Reed was ordered to pay restitution to Chase Bank in the amount of $278,111.00. [ **EX I.1 and I.2** ]

**George Somer** [Somer] is the alleged President of the Association and an alleged member of the Board of Managers [**EX B.2**]. Somer is a a member of the Board of Directors and Secretary of 7942.[**EX C.2**]

**J P Morgan Chase Bank** provides banking services to 7942 Country Club Inc., Wellington Pulaski Irrevocable Trust and Plaintiff by receiving condominium assessment deposits through its J P Morgan Chase CHASE QUICK PAY system.

**Leonardo Coppola** [Coppola] is a member of the Board of Directors .[EX B.2]

**Antonio Tapia** [Tapia] is a member of the Board of Directors and Secretary of the Association.[EX B.2]

## VENUE

Venue is proper in the Circuit Court of Cook County, Illinois pursuant to 735 ILCS 5/-102 because Defendants' principal places of business and or residences are located is Cook County, Illinois and because the transactions and occurrences complained of herein occurred in Cook County, Illinois.

The allegations of Plaintiff against the Defendants are individual claims and the fact that the claims may be the same as to other unit owners is incidental. "as long as the injury

3

alleged is directly to plaintiffs and not merely to the Association is sufficient to establish standing.." *Sterling Radio Stations, Inc. v. Weinstine*, **328 Ill. App. 3d 58, 62,  765 N.E.2d 56, 60 (2002)**

**COUNT I**
**BREACH OF FIDUCIARY DUTY**

1.      **Section 18.4 of the Illinois Condominium Property Act, 765 ILCS 605/18.4 (from Ch. 30, par. 318.4)** provides in pertinent part:

> "Sec. 8.4. Powers and duties of board of managers. The board of managers shall exercise for the association all powers, duties and authority vested in the  Association by laws or the condominium instruments except for such powers, duties and authority reserved by law to the members of the association.

2.      **Section 22.1 of the Illinois Condominium Property Act,  765 ILCS 605/22.1)** (from Ch. 30, par. 322.1)provides in pertinent part:

> Sec. 22.1. (a) In the event of any resale of a condominium unit by a unit owner other than the developer such owner shall obtain from the Board of Managers and shall make available for inspection to the prospective purchaser, upon demand, the following:
> "....(5) A copy of the statement of financial condition of the unit owner's association for the  last fiscal year for which such statement is available."

3.      **Article VI Section 5a of the Association By-Laws** provides in pertinent part:

> "On or before the 1st day of November if each calendar year commencing 2007, the Association shall supply to all Unit Owners an itemized accounting of the Common Expenses for the preceding calendar year actually incurred and paid.

4.      **Article VI Section 1.(i) of the Association By-Laws** provides in pertinent part:

> "The Board shall exercise for the Association all powers duties and authority vested in the Association by the Act and the Condominium Instruments, including but not limited to the following:
> "...(i) Keeping of detailed and accurate records of the receipts and expenditures affecting the use and operation of the Property."

5.      **Article VI Section 2.(i) of the Association By-Laws** provides in pertinent part:

> "To establish and maintain one or more bank accounts to deposit any funds paid to or received by the Association"

4

6.    **Article VI Section 6 .(i) of the Association By-Laws** provides in pertinent part:

"The Association shall build up and maintain a reasonable reserve".

7.    **Article VI Section 8 p  of the Association By-Laws** provides in pertinent part:

"The Association shall keep full and correct books of account......"

8.    **Article VII Section 2  of the Association By-Laws** Checks Drafts etc. provides in pertinent part:

"All checks.........shall be signed by such officer or officers or agent ort agents of the Association, and in such manner as shall from time to time be determined   by resolution of the Association.  In the absence of such determination by the  Association, such instruments shall be signed by the Treasurer and countersigned by the President of the Association."

9.    **Article VII Section 3 of the Association By-Laws Deposits** provides in pertinent part:

"All funds of the Association shall be deposited from time to time to the credit of the Association in such banks, trust companies, or other depositories as the Board may select."

10.   **Article VIII Section 1 of the Association By-Laws** Book and Records Deposits provides in pertinent part:

"The Association shall keep correct and complete books and records of account, and shall also keep minutes of the proceedings of its members, the Board and committees having any authority of the Board."

11.   Commencing May, 2015 Plaintiff sought from the Board of Managers statutory compliance with Section 22.1 of the Act; a paid assessment letter for delivery to the title company in order to pay any unpaid assessments or special assessments from proceeds of sale; a financial report to demonstrate the finances of the Association were in good order and Plaintiff's account ledgers demonstrating the timely payments and deposits of each monthly assessment payment for each unit solely  into an account belonging to the Association  and  to the credit of the Association.

12.     The response of the Association was incomplete and misleading and the Association failed to include the required annual Financial Report as provided in the By-Laws; it failed to provide the account ledger showing each and every monthly assessment paid by Plaintiff to the credit of the Association and it provided there was no Reserve which is a requirement in the By-Laws. The response did not include the minutes of the Board of Managers meetings as well as Association meetings.[EX 2 ] [EX 3 ]  The response admit there is no independent statement of financial condition and that there are no reserves.

13.     Based upon the aforesaid and the unwillingness of the Association, Reed and Somer to comply with Section 22.1 which the legislature passed to provide a prospective purchaser with the information to make a financial decision, counsel was engaged to investigate the conduct and the authority of the Board and its Managers as well as Reed and Somer.

14.     Neither Reed nor Somer are fee simple unit owners or members of the Association.[EX F] Plaintiff cannot locate any verifiable corporate appointments, certificates of incumbency, and or any verifiable corporate authority and verifiable proxy tendered to the Association setting out that either Reed or Somer are either shareholders, officers or directors of any corporation that owns a condominium unit set out in the 2015 Association Unit Owner Roster [ EX F  ]. Reed's name is associated with unit owner Red Trading but that corporation has been dissolved [EX G]. Somer's name is associated with unit owner Gotham Corporation but Gotham has been dissolved [EX L.1]. and or unauthorized individuals to be elected to the Board of Managers.

15.     Board, Reed and Somer have breached their fiduciary duty to Plaintiff by [1] allowing Plaintiff's assessment payments to be made and credited to an unrelated corporation which is a beneficiary of an Irrevocable Trust [EX D ] whose Trustee is a convicted felon indicted for money laundering and bank fraud and was sentenced to 46 months of incarceration in the United States Bureau of Prisons in Oxford, Wisconsin [EX I.1] [ EX I.2] ; [2] allowing the transfer of Association funds including Plaintiff's assessments into the Wellington Pulaski Irrevocable Trust which maintains a bank account at J P Morgan Chase Bank #433639908 [EX E] whose Trustee is a convicted felon indicted for money laundering and bank fraud and was sentenced to 46 months of incarceration in the United States Bureau of Prisons in Oxford, Wisconsin [EX I.1] [ EX I.2] ; [3] failing to provide Plaintiff with a complete 22.1 Statement; [4] failure to provide the required annual Condominium Financial Report; [5] failing to provide Plaintiff with an account ledger showing the Association actually received all assessment payments and that they

were credited to the account of the Association; [6] failing to provide minutes of Board Meetings
and Association meetings as requested in Plaintiff's 22.1 requests;[7] failing to maintain and or
budget a Reserve account in violation of the By-Laws,[8] knowingly preparing an inflated
budget [9] failing to accurately report the nature of the litigation with the city of Chicago and
the demand of the city that the court to dismantle and dissolve the Condominium pursuant to
section 605/14.5, finding the Condominium is "operated in a manner or have conditions which
may constitute a danger, blight or nuisance to the surrounding community or to the general
pubic" [ EX M ], [10] failure to provide documentation and resolutions authorizing Reed or
Somer to be elected to the Board of Managers as a designated officer or shareholder of a
corporation that owns a unit, [10] failure of Reed and Somer to file with the Board a proxy for
the purposes of voting at annual meetings executed by a duly authorized officer of the entity and
attached thereto a certificate of Incumbency by the Secretary or other duly authorized officer
and at least one other officer; [11] failure to require two signatures on checks without a
resolution of the Association,

16.      In the performance of their duties, the officers and members of the Board have failed to
exercise the care required of a fiduciary to the Plaintiff and to the unit owners and, as part of that
fiduciary duty they have failed to comply with the procedures in the condominium's By-Laws
and the strictures of the Act. Plaintiff has never received any record, report or accounting from
the Board of Managers demonstrating the income from all sources received by the Association
and the expenses incurred by the Association.

17/     The Association allegedly owns at least two condominium units and allegedly collects
rents but there are no financial records as to the nature of any leasehold agreements, the amount
of rents collected and where the rental income is being deposited. In essence, the Board of
Managers has allowed a felon and his accomplice to dissipate the assets of the Association. [See
Wolinsky, 114 Ill. App. 3d at 533-34 Davis v. Dyson, 387 Ill. App. 3d 676,692 (2008).

18.      Upon information and belief Reed and Somer are in possession two deeds of
conveyance from HSBC with the Association named as the grantee and an undisclosed amount
of cash settlement, all without reporting same to the members of the Association when there is a
fiduciary duty to do so.

7

WHEREFORE Plaintiff prays that this court enter an order for a certified accounting of all accounts of the Association, 7942, 7942 Trust and the Wellington Trust, all at the expense of Reed and Somer. Plaintiff seeks a order directing J P Morgan Chase to freeze any accounts in its bank for 7942 [ Chase Quick Pay ], Wellington Trust [ Chase account #433639908 ] until further order of court. Plaintiff seeks an order preventing an barring Reed and or Somer from writing any checks, transferring, wiring Association, 7942, 7942 trust and Wellington Trust funds, barring the Association, Reed and Somer from selling, transferring, or entering into any contracts regarding any and all identified condominium units owned by the Association,.Plaintiff seeks a judgment against Reed and Somer in an amount $50,000.00 plus reasonable attorney fees

## COUNT II
## FRAUDULENT CONCEALMENT AND
## FRAUDULENT MISREPREENTATION

19,      Plaintiff restates the allegations of paragraphs 1-18 as and for  paragraph 19 of Count II.

20;      The  Condominium is located at 2954 N Pulaski Rd., Chicago, Illinois and 4005 West Wellington, Chicago, Illinois.

21.      Plaintiff CHI purchased Unit 2954-2 and Unit 4005-3 in the Condominium at a real estate closing on or about July 19, 2013 and Reed attended the closing on behalf of the Association.

22.      At the real estate closing Reed tendered and delivered to Plaintiff an Association Statement of Account and owner Roster. [EX F  ]

23.      Concurrent with the aforesaid delivery of the Roster Reed advised Plaintiff that the Association required members to use the CHASE QUICK PAY payment system for the payment and collection of Association monthly assessments.

24.      Concurrent with the aforesaid tender and  delivery Plaintiff agreed to pay all Association assessments through the CHASE QUICK PAY payment system and in furtherance of that agreement Reed hand-wrote on the Statement of Account the words "CHASE  QUICK COLLECT", the Association e-mail address, **wellingtonpulaski@gmail.com**" and the Chase 800 phone number.[EX F ]

25.      Reed represented to Plaintiff at the closing aforesaid that the CHASE QUICK PAY payment system was the electronic vehicle approved and required to be used to pay the

Association monthly assessment into the Association bank account at J P Morgan Chase, all for the benefit of and to the credit of the Association.

26.  Plaintiff reasonably relied on the representations of Reed and the Association that its assessments would be credited to the account of the Association, all as set out in Articles V, VI and VII of the Association By-Laws.

27.  On a monthly basis, Plaintiff would direct its bank, TCF, to withdraw the monthly assessments from its account. [EX J ]

28.  On a monthly basis, TCF would cause the transfer of the monthly assessments to the Association's account via the CHASE QUICK PAY system, using the Association email.[EX K]

29.  Notwithstanding Reed's verbal representations and writings, Reed, as well as Somer and 7942 knew at all times that the beneficiary of the J P Morgan Bank account associated with CHASE QUICK PAY system and the Association email wellingtonpulaski@gmail.com did not belong to the Association but rather it belonged solely to 7942 which was formed by Reed and of which Reed is the President and Somer is the Secretary. [EX C.1 ]

30.  Reed knew at all times that his statement regarding the Association ownership of the J P Morgan Chase account was a material fact and that the statement was false.

31.  Reed knew at all times that his representation regarding the Association ownership of the J P Morgan Chase account was false and that Reed intended to induce Plaintiff to act in reliance of the false representation and use the CHASE QUICK COLLECT system.

32.  Plaintiff justifiably relied on the truth of the false statements of Reed and paid all assessments using the CHASE QUICK COLLECT system associated with the Association email wellingtonpulaski@gmail.com.

33.  Plaintiff has been damaged irreparably by continually paying its assessments and other fees to 7942 since 2013 and it reasonably and justifiably believed its assessments were being deposited to the credit of the Association as required in Articles V, VI and VII of the Association By-Law, and there is no evidence the Association ever received its payments.

34.  Reed concealed that he formed 7942 Country Club Inc. [EX C.1 ]; Reed concealed he was a director and President of 7942 Country Club Inc. [ EXC.2 ]; Reed concealed the George Somer was a director Secretary of 7942 [EX C.2 ]; 7942, an Illinois not-for-profit corporation was formed to "promote the development, establishment or expansion of industries" [EX ];7942 is not a member of the Association, it did not and does not own any units in the Condominium

and to the best of its information it is not a management company licensed to do business in Chicago, all when there was a duty to disclose same.

35.     Reed intended to induce a false belief in the Plaintiff that the J P Morgan Chase bank count associated with the CHASE QUICK PAY system belonged to the Association when it did not;

36.     Plaintiff could not have inquiry or inspection of the records of 7942 because it did not have any idea that his Assessments were paid to 7942.

37.     Plaintiff justifiably relied upon the defendant's silence regarding 7942 when there was a duty to speak.

38.     Plaintiff, and for that matter, no reasonable person would have paid Association assessments to 7942 a corporation unrelated to the Association.

39.     No reasonable person would ever consider that a Management Company would be named 7942 Country Club Inc. or that a management company would be a not-for-profit corporation.

40.     Plaintiff would have acted differently to insure its monthly payments were made to the Association.

41.     Plaintiff's reliance resulted in substantial damages to Plaintiff and there is no adequate remedy at law.

42.     Reed, Somer and the Association refuse to demonstrate the Association received any of Plaintiff's assessments from 7942 which Plaintiff paid at the direction of Reed.

43.     Upon information and belief 7942 is a defendant in a foreclosure proceeding in the Cook County Circuit Court captioned *Silverleaf Funding LLC vs 7942 Country Club Inc., James Reed et.al.* 13CH 28231 and that 7942 defaulted on a purchase of real estate commonly known as 7942 County Club Lane, Elmwood Park, Illinois. [EX N ]

44.     That on October 10, 2014. Reed filed an affidavit asserting that he was the Trustee of the 7942 Country Club Irrevocable Trust which was located in Houston, Texas and that 7942 was one of three beneficiaries of the Irrevocable Trust [EX D ].

45.     That in the event Silverleaf prevails, the funds paid by Plaintiff to 7942. are subject to attachment and garnishment from the Chase account of 7942 and Plaintiff will be irreparably harmed.

46. Plaintiff reasonably believes the funds paid by Plaintiff to 7942 at the direction of Reed and with the knowledge of Somer and 7942 may have been used to fund the mortgage which is now subject to foreclosure aforesaid.

47. Plaintiff has diligently searched it records and is unable to locate any Notices of Annual Meetings, Notices of Board Meetings, minutes of any Annual or Board meetings authorizing the payment of assessments through the CHASE QUICK PAY system for deposit into an account owned by either 7942 or the 7942 Country Club Irrevocable Trust.

48. The conduct and silence of both Reed, Somer and 7942 demonstrate the tort of fraudulent concealment as well as the tort fraudulent misrepresentation. In all circumstances Plaintiff [A] justifiably relied on the truth of the statements made by Reed, [B] that the statements were false, [C] that Reed knew they were false, [D] that Reed intended for Plaintiff to rely on the statements, [E] that Somer and 7942 knew Plaintiff had made payments to 7942 believing they were deposited into an account for the Association yet they remained silent when there was a duty to speak, the statements were material [F], that Plaintiff had no knowledge the funds were being laundered and therefore there was no reason to investigate 7942 [G], that based upon the information secured by Plaintiff's counsel, it terminated the use of the CHASE QUICK PAY system and made its assessment payments to the Association and not to 7942 commencing September, 2015.

49. The circumstances by which the Board approved of the WELLINGTONPULASKI IRREVOCABLE TRUST, JAMES W REED JR., TRUSTEE without disclosing same and the conflict of interest is fraudulent concealment on the part of the Board, Reed and Somer when there was a duty to do so violates the Act and By-Laws.

50. Reed, Somer and the Association concealed [a] that Reed formed Wellington Pulaski Irrevocable Trust, James W Trustee, [b] that they approved the transfer of Association funds to Reed; [c] that they approved Reed's authority to write checks without counter signature as provided in the By-Laws; all when there was a duty to do so [d] that had Plaintiff known of such arrangement, it would have acted differently .

51. In the Alternative, if the Board of Managers was unaware of the Wellington Trust, such conduct is a breach of fiduciary duty.

52. 4003 Wellington 2, Inc. purchased unit 4003-2 on or about April 24, 2013.

53. Reed represented 52. 4003 Wellington 2, Inc. as its attorney.

11

54.   At the closing Reed advised Plaintiff 4003 that the Association required members to use the CHASE QUICK PAY payment system for the payment and collection of Association monthly assessments.

55.   Concurrent with the aforesaid tender and delivery Plaintiff 4003 agreed to pay all Association assessments through the CHASE QUICK PAY payment system and in furtherance of that agreement Reed hand-wrote on the Statement of Account the words "CHASE QUICK COLLECT", the Association e-mail address, wellingtonpulaski@gmail.com" and the Chase 800 phone number.[EX F ]

56.   Reed represented to Plaintiff at the closing aforesaid that the CHASE QUICK PAY payment system was the electronic vehicle approved and required to be used to pay the Association monthly assessment into the Association bank account at J P Morgan Chase, all for the benefit of and to the credit of the Association.

57.   Plaintiff 4003 reasonably relied on the representations of Reed and the Association that its assessments would be credited to the account of the Association, all as set out in Articles V, VI and VII of the Association By-Laws.

58.   On a monthly basis, Plaintiff 4003 would direct its bank to withdraw the monthly assessments from its account.

59.   On a monthly basis, Plaintiff 4003 would cause the transfer of the monthly assessments to the Association's account via the CHASE QUICK PAY system, using the Association email.[EX Z]

60.   Notwithstanding Reed's verbal representations and writings, Reed, as well as Somer and 7942 knew at all times that the beneficiary of the J P Morgan Bank account associated with CHASE QUICK PAY system and the Association email wellingtonpulaski@gmail.com did not belong to the Association but rather it belonged solely to 7942 which was formed by Reed and of which Reed is the President and Somer is the Secretary. [EX C.1 ]

61.   Reed knew at all times that his statement regarding the Association ownership of the J P Morgan Chase account was a material fact and that the statement was false.

62.  Reed knew at all times that his representation regarding the Association ownership of the J P Morgan Chase account was false and that Reed intended to induce Plaintiff to act in reliance of the false representation and use the CHASE QUICK COLLECT system.

63.  Plaintiff 4003 justifiably relied on the truth of the false statements of Reed and paid all assessments using the CHASE QUICK COLLECT system associated with the Association email wellingtonpulaski@gmail.com.

64.  Plaintiff 4003 has been damaged irreparably by continually paying its assessments and other fees to 7942 since 2013 and it reasonably and justifiably believed its assessments were being deposited to the credit of the Association as required in Articles V, VI and VII of the Association By-Law, and there is no evidence the Association ever received its payments.

65.  Reed concealed that he formed 7942 Country Club Inc. [EX C.1 ]; Reed concealed he was a director and President of 7942 Country Club Inc. [ EXC.2 ]; Reed concealed the George Somer was a director Secretary of 7942 [EX C.2 ];   7942, an Illinois not-for-profit corporation was formed to "promote the development, establishment or expansion of industries" [EX  ];7942 is not a member of the Association, it did not and does not own any units in the Condominium and to the best of its information it is not a management company licensed to do business in Chicago, all when there was a duty to disclose same.

66.  Reed intended to induce a false belief in Plaintiff 4003  that the J P Morgan Chase bank count associated with the CHASE QUICK PAY system belonged to the Association when it did not;

67.  Plaintiff 4003 could not have inquiry or inspection of the records of 7942  because it did not have any idea that his Assessments were paid to 7942.

68.  Plaintiff 4003 justifiably relied upon the defendant's silence regarding 7942  when there was a duty to speak.

69.  Plaintiff 4003, and for that matter, no reasonable person would have paid Association assessments to 7942 a corporation unrelated to the Association.

70.  No reasonable person would ever consider that a Management Company would be named 7942 Country Club Inc. or that a management company would be a not-for-profit corporation.

71.  Plaintiff 4003 would have acted differently to insure its monthly payments were made to the Association.

72.  Plaintiff 4003's reliance resulted in substantial damages to Plaintiff 4003 and there is no adequate remedy at law.

73.  Reed, Somer, Tapia and Coppola and the Association refuse to demonstrate the Association received any of Plaintiff 4003's assessments from 7942 which Plaintiff 4003 paid at the direction of Reed.

74.  Upon information and belief 7942 is a defendant in a foreclosure proceeding in the Cook County Circuit Court captioned Silverleaf Funding LLC vs 7942 Country Club Inc., James Reed et.al.13CH 28231 and that 7942 defaulted on a purchase of real estate commonly known as 7942 County Club Lane, Elmwood Park, Illinois. [EX N ]

75.  That on October 10, 2014. Reed filed an affidavit asserting that he was the Trustee of the 7942 Country Club Irrevocable Trust which was located in Houston, Texas and that 7942 was one of three beneficiaries of the Irrevocable Trust [EX D ].

76.  That in the event Silverleaf prevails, the funds paid by Plaintiff to 7942. are subject to attachment and garnishment from the Chase account of 7942 and Plaintiff will be irreparably harmed.

77.  Plaintiff 4003 reasonably believes the funds paid by Plaintiff to 7942 at the direction of Reed and with the knowledge of Somer and 7942 may have been used to fund the mortgage which is now subject to foreclosure aforesaid.

78.  Plaintiff 4003 has diligently searched it records and is unable to locate any Notices of Annual Meetings, Notices of Board Meetings, minutes of any Annual or Board meetings authorizing the payment of assessments through the CHASE QUICK PAY system for deposit into an account owned by either 7942 or the 7942 Country Club Irrevocable Trust.

79.  The conduct and silence of both Reed, Somer and 7942 demonstrate the tort of fraudulent concealment as well as the tort fraudulent misrepresentation. In all circumstances Plaintiff [A] justifiably relied on the truth of the statements made by Reed, [B] that the statements were false, [C] that Reed knew they were false, [D] that Reed intended for Plaintiff 4003 to rely on the statements, [E] that Somer and 7942 knew Plaintiff 4003 had made payments to 7942 believing they were deposited into an account

for the Association yet they remained silent when there was a duty to speak, the statements were material [F], that Plaintiff 4003 had no knowledge the funds were being laundered and therefore there was no reason to investigate 7942 [G], that based upon the information secured by Plaintiff 4003's counsel, it terminated the use of the CHASE QUICK PAY system and made its assessment payments to the Association and not to 7942 commencing September, 2015.

80.    The circumstances by which the Board, Reed, Somer, Tapia and Coppola approved of the WELLINGTONPULASKI IRREVOCABLE TRUST, JAMES W REED JR., TRUSTEE without disclosing same and the conflict of interest is fraudulent concealment on the part of the Board, Reed and Somer when there was a duty to do so violates the Act and By-Laws.

81.    Reed, Somer, Coppola and Tapia and the Association concealed [a] that Reed formed Wellington Pulaski Irrevocable Trust, James W Trustee, [b] that they approved the transfer of Association funds to Reed; [c]  that they approved Reed's authority to write checks without counter signature as provided in the By-Laws; all when there was a duty to do so [d] that had Plaintiff known of such arrangement, it would have acted differently

82.    In the Alternative, if the Board of Managers was unaware of the Wellington Trust, such conduct is a breach of fiduciary duty.

**WHEREFORE** Plaintiffs prays that this court enter an order for a certified accounting of all accounts of the Association, 7942, 7942 Trust and the Wellington Trust, all at the expense of Reed and Somer. Plaintiff seeks a order directing J P Morgan Chase to freeze any accounts in its bank for  7942 [ Chase Quick Pay ], Wellington Trust [ Chase account #433639908 ] until further order of court. Plaintiff seeks an order preventing an barring Reed and or Somer from writing any checks, transferring, wiring Association, 7942, 7942 trust and Wellington Trust funds, barring the Association, Reed and Somer from selling, transferring, or entering into any contracts regarding any and all identified condominium units owned by the Association,. Plaintiff seeks a judgment against Reed,Somer, Coppola and tapia in an amount $50,000.00 each plus reasonable attorney fees.

## COUNT III
## CONVERSION

83.    Plaintiffs restates paragraphs 1-82 as and for paragraph 83 in Count III.

84.    7942, Reed and Somer intentionally converted Plaintiffs' assessment payments intended for and directed to the Association and diverted those funds into an account at J P Morgan Chase bank and converted those funds for their own benefit, knowing all the time the funds were intended for the Association.

85.    Reed, Somer, 7942 and the Wellington Trust intentionally converted Plaintiffs' assessment payments intended for the Association as well as Association funds diverted and converted those funds for their own use.. Plaintiffs' reasonably believe Reed, Somer, 7942 and the Wellington Trust converted those funds for their own benefit, knowing all the time the funds were intended for and belonged solely to the Association.

86.    Reed, Somer and the Wellington Trust have deprived the Plaintiffs'of the use of their property as and for assessment to maintain the condominium by their unauthorized conduct of conversion of funds.

**WHEREFORE** Plaintiffs prays that this court enter an order for a certified accounting of all accounts of the Association, 7942, 7942 Trust and the Wellington Trust, all at the expense of Reed and Somer. Plaintiff seeks a order directing J P Morgan Chase to freeze any accounts in its bank for 7942 [ Chase Quick Pay ], Wellington Trust [ Chase account #433639908 ] until further order of court. Plaintiff seeks an order preventing an barring Reed and or Somer from writing any checks, transferring, wiring Association, 7942, 7942 trust and Wellington Trust funds, barring the Association, Reed and Somer from selling, transferring, or entering into any contracts regarding any and all identified condominium units owned by the Association,. Plaintiff seeks a judgment against Reed, Somer, Coppola and Tapia in an amount $50,000.00 each plus reasonable attorney fees.

## COUNT IV
## UNJUST ENRICHMENT

87. Plaintiff restates paragraphs 1-86 as and for Paragraph 87

88. Plaintiffs' transfer of funds which were directed to and intended for the Association between August 2013and August 2015 and were, upon information and belief, diverted to the use of Rose, Somer, 7942 and the Wellington Trust.

89. Upon information and belief, Reed, Somer, 7942 and the Wellington Trust were unjustly enriched by their conduct and deprived Plaintiffs from having the benefit of those funds being used for Association obligations.

**WHEREFORE** Plaintiffs prays that this court enter an order for a certified accounting of all accounts of the Association, 7942, 7942 Trust and the Wellington Trust, all at the expense of Reed and Somer. Plaintiff seeks a order directing J P Morgan Chase to freeze any accounts in its bank for 7942 [ Chase Quick Pay ], Wellington Trust [ Chase account #433639908 ] until further order of court. Plaintiffs seeks an order preventing an barring Reed and or Somer from writing any checks, transferring, wiring Association, 7942, 7942 trust and Wellington Trust funds, barring the Association, Reed and Somer from selling, transferring, or entering into any contracts regarding any and all identified condominium units owned by the Association,. Plaintiff seeks a judgment against Reed and Somer in an amount $50,000.00 plus reasonable attorney fees.

Respectfully submitted

Howard Kilberg
1 N LaSalle
17th Floor
Chicago, Illinois
60602
ID 24249 [ tel 312 236 7723 ]

17

The undersigned has read the First Amended Complaint of the Plaintiff and to the best of its information the allegations are true and correct and that there is a basis in law and fact for the allegations set out therein.

Signed before me on ___8___ October 2015

Notary Public

OFFICIAL SEAL
DEAN T MARAGOS
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES

OFFICIAL SEAL
DEAN T. M
NOTARY PUBLIC
MY COM...

9/28/2015                          Chase Online - Chase QuickPay℠ Activity

# CHASE ✿

---

## Chase QuickPay℠ Activity

⊡ Hide search

Search by: | Recipient Name          ▼ |

| 7942 COUNTRY CLUB INC          ▼ |

**18 Chase QuickPay Payment(s) found for 7942 COUNTRY CLUB INC**    ⊠ Clear Search Results

| Send On ▾ | Status | Recipient | Amount |
|-----------|--------|-----------|--------|
| 09/04/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 08/03/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 07/06/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 06/03/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 05/07/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 04/01/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 03/02/2015 | Completed | 7942 COUNTRY CLUB INC | $393.12 |
| 02/04/2015 | Completed | 7942 COUNTRY CLUB INC | $393.79 |
| 01/05/2015 | Completed | 7942 COUNTRY CLUB INC | $148.33 |
| 12/03/2014 | Completed | 7942 COUNTRY CLUB INC "December HOA" | $703.33 |
| 11/07/2014 | Completed | 7942 COUNTRY CLUB INC | $403.33 |
| 10/06/2014 | Completed | 7942 COUNTRY CLUB INC | $403.00 |
| 09/11/2014 | Completed | 7942 COUNTRY CLUB INC | $403.33 |
| 09/02/2014 | Completed | 7942 COUNTRY CLUB INC | $136.60 |
| 09/02/2014 | Completed | 7942 COUNTRY CLUB INC | $136.60 |
| 08/04/2014 | Completed | 7942 COUNTRY CLUB INC | $266.73 |
| 07/02/2014 | Completed | 7942 COUNTRY CLUB INC | $266.73 |
| 06/06/2014 | Completed | 7942 COUNTRY CLUB INC | $403.33 |

JPMorgan Chase Bank, N.A. Member FDIC
Equal Opportunity Lender



**Bank of America, N.A.**
P.O. Box 25118
Tampa, FL 33622-5118

H—

Page 1 of 5
Statement Period
04-20-13 through 05-21-13
B 13  E A E PA  13        0127858
Number of checks enclosed: 0
Account Number: 0012 1371 0199

JUSTIN G FRANCEK
1000 W WASHINGTN BLVD UNIT 312
CHICAGO, IL  60607-2152

22318 E01 SCM999 I  3  0

Our Online Banking service allows you to check balances, track account activity and more.
With Online Banking you can also view up to 18 months of this statement
online and even turn off delivery of your paper statement.
Enroll at www.bankofamerica.com.

Customer Service Information

www.bankofamerica.com

Or you may write to:
Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

---

**Did you know there's an easier way to make deposits?**
Now when you get a check, you can securely deposit it right into your account using the App and camera on your smartphone or tablet. There's no planning a trip to the banking center or ATM. It's easy to deposit checks on your schedule. Download the newest Mobile Banking App by texting APP1 to 226526
Deposits not available for immediate withdrawal. Restrictions apply. See Mobile App for details. Wireless fees may apply. For text messages, supported carriers include: Alltel, AT&T, Cellular One, T-Mobile, Virgin Mobile, US Cellular, Verizon Wireless. Text STOP to 226526 to cancel. Text HELP to 226526 for help. Bank of America, N.A. Member FDIC

---

**Pick your cash back deals. BankAmeriDeals® makes it easy.**
Online or on your mobile device, check out the BankAmeriDeals offered to you. Choose the deals, make the purchases and the cash back gets put into the Bank of America® checking or savings account you select. Learn more at www.bankofamerica.com/deals or tap the "Deals" icon in Mobile Banking.

H

Page 2 of 5
Statement Period
04-20-13 through 05-21-13
B 13 E A E PA 13
Number of checks enclosed: 0
Account Number: 0012 1371 0199

JUSTIN G FRANCEK

Good News! In response to customer feedback we've made some changes to your statements to make
them easier to read. Soon you will notice color and graphics to highlight account details and draw
attention to notifications and special offers. Over the next few months, a guide will be included with your
new statement that will detail the enhancements. Stay tuned!

## Deposit Accounts

## MyAccess Checking

JUSTIN G FRANCEK

### Your Account at a Glance

| Account Number | | XXXX XXXX 0199 |
|---|---|---|
| Beginning Balance on 04-20-13 | $ | 35,456.95 |
| Deposits and Other Additions | + | 15,184.20 |
| Checks Posted | - | 1,750.00 |
| ATM and Debit Card Subtractions | - | 1,575.81 |
| Service Charges and Other Fees | - | 29.00 |
| Other Subtractions | - | 46,236.18 |
| Ending Balance on 05-21-13 | $ | 1,050.16 |

### MyAccess Checking Additions

| Deposits and Other Additions | | Date Posted | Amount($) |
|---|---|---|---|
| Online Banking transfer from Sav 0490 Confirmation# 0116582081 | | 04-29 | 3,000.00 |
| Dream Town Realt Des:ACH   ID: Indn:Justin Francek   Co ID:1364218408 Ppd Pmt Info:11Gr | | 05-01 | 11,471.00 |
| Dream Town Realt Des:ACH   ID: Indn:Justin Francek   Co ID:1364218408 Ppd Pmt Info:5021Ashland | | 05-08 | 713.20 |

Total Deposits and Other Additions $15,184.20

### MyAccess Checking Subtractions

| Check # | Posting Date | Amount($) |
|---|---|---|
| 918 | 05-02 | 1,750.00 |

Total Checks Posted $1,750.00



H—

JUSTIN G FRANCEK

Page 3 of 5
Statement Period
04-20-13 through 05-21-13
B 13 E A E PA 13          0127860
Number of checks enclosed: 0
Account Number: 0012 1371 0199

## MyAccess Checking Subtractions

| ATM and Debit Card Subtractions | Date Posted | Amount($) |
|---|---|---|
| Ultron Process  04/28 #000585425 Withdrwl<br>Harrah's Joliet    Joliet      IL | 04-29 | 505.99 |
| Gca* Rivers CA  04/27 #000662351 Withdrwl<br>Gca* Rivers Casin  Des Plaines    IL | 04-29 | 505.00 |
| BkofAmerica ATM 05/02 #000005977 Withdrwl<br>West Loop-Halste    Chicago      IL | 05-02 | 150.00 |
| BkofAmerica ATM 05/11 #000008440 Withdrwl<br>Louis Weiss Memo    Chicago      IL | 05-13 | 200.00 |
| BkofAmerica ATM 05/21 #000007046 Withdrwl<br>Uptown - Broadwa    Chicago      IL | 05-21 | 100.00 |
| Costco Whse #0  05/21 #000425859 Purchase<br>2746 N. Clybourn    Chicago      IL | 05-21 | 62.55 |
| Costco Gas #03  05/21 #000672169 Purchase<br>2746 North Clybou    Chicago      IL | 05-21 | 52.27 |

**Total ATM and Debit Card Subtractions $1,575.81**

| Service Charges and Other Fees | Date Posted | Amount($) |
|---|---|---|
| Wire Transfer Fee | 04-25 | 25.00 |
| Gca* Rivers CA  04/27 #000662351 Withdrwl<br>Gca* Rivers Casin  Des Plaines · IL   Fee | 04-29 | 2.00 |
| Ultron Process  04/28 #000585425 Withdrwl<br>Harrah's Joliet    Joliet      IL   Fee | 04-29 | 2.00 |

**Total Service Charges and Other Fees $29.00**

| Other Subtractions | Date Posted | Amount($) |
|---|---|---|
| Wire Type:Wire Out Date:130425 Time:1314 Et<br>Trn:2013042500214262 Service Ref:008157<br>Bnf:Wellington & Pulaski Condo ID:166002220<br>Bnf Bk:J P Morgan Chase And Co ID:071000013<br>Pmt Det:99029278 4003 W Wellington 3 Sale | 04-25 | 34,500.00 |
| Great Lakes      Des:Student Ln ID:Cx0000985494329<br>Indn:Francek, Justin      Co ID:1391090394 Ppd | 04-25 | 160.25 |
| Comed      Des:Util_bil    ID:4215199085 0429<br>Indn:Justin Francek      Co ID:2360938600 Ppd | 04-29 | 28.70 |
| Nase      Des:Nase Dues  ID:120780<br>Indn:Justin Francek      Co ID:1751875027 Ppd | 05-03 | 55.00 |
| 94004 Mega      Des:Payment    ID:9025262072<br>Indn:Justin Francek      Co ID:1592213662 Ppd | 05-10 | 172.34 |
| Capital One      Des:Online Pmt ID:313439919070356<br>Indn:9205867102Francek Just  Co ID:9279744991 Web | 05-14 | 7,157.93 |
| Ally      Des:Ally Paymt ID:61191969529002S<br>Indn:Francek Justin      Co ID:9833122002 Web | 05-17 | 535.43 |
| Capital One      Des:Crcardpmt  ID:313830189016216<br>Indn:9205867102Francek Just  Co ID:9541719018 Web | 05-20 | 3,626.53 |

**Total Other Subtractions $46,236.18**

H

JUSTIN G FRANCEK

Page 4 of 5
Statement Period
04-20-13 through 05-21-13
B 13  E A E PA  13
Number of checks enclosed: 0
Account Number: 0012 1371 0199

## Daily Balance Summary

| Date | Balance($) | Date | Balance($) | Date | Balance($) |
|------|-----------|------|-----------|------|-----------|
| Beginning | 35,456.95 | 05-03 | 12,244.01 | 05-17 | 4,891.51 |
| 04-25 | 771.70 | 05-08 | 12,957.21 | 05-20 | 1,264.98 |
| 04-29 | 2,728.01 | 05-10 | 12,784.87 | 05-21 | 1,050.16 |
| 05-01 | 14,199.01 | 05-13 | 12,584.87 | | |
| 05-02 | 12,299.01 | 05-14 | 5,426.94 | | |



H—

0127882

## How To Balance Your Bank of America Account

**FIRST, start with your Account Register/Checkbook:**

1. List your Account Register/Checkbook Balance here ........................................................ $ _____

2. Subtract any service charges or other deductions not previously recorded that are listed on this statement ............... $ _____

3. Add any credits not previously recorded that are listed on this statement (for example interest) ...................... $ _____

4. This is your NEW ACCOUNT REGISTER BALANCE ................................................................ $ _____

**NOW, with your Account Statement:**

1. List your Statement Ending Balance here .................................................................. $ _____

2. Add any deposits not shown on this statement ............................................................. $ _____

_____

_____

SUBTOTAL ...................... $ _____

3. List and total all outstanding checks, ATM, Check Card and other electronic withdrawals

| Checks, ATM, Check Card, Electronic Withdrawals | | Checks, ATM, Check Card, Electronic Withdrawals | | Checks, ATM, Check Card, Electronic Withdrawals | |
|---|---|---|---|---|---|
| Date/Check # | Amount | Date/Check # | Amount | Date/Check # | Amount |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

4. TOTAL OF OUTSTANDING CHECKS, ATM, Check Card and other electronic withdrawals .................... $ _____

5. Subtract total outstanding checks, ATM, Check Card and other electronic withdrawals from Subtotal
This Balance should match your new Account Register Balance .......................................... $ _____

Upon receipt of your statement, differences, if any, should be reported to the bank promptly in writing and in accordance with provisions in your deposit agreement.

## IMPORTANT INFORMATION FOR BANK DEPOSIT ACCOUNTS

**Change of Address.** Please call us at the telephone number listed on the front of this statement to tell us about a change of address.

**Deposit Agreement.** When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule, which contain the current version of the terms and conditions of your account relationship, may be obtained at our banking centers.

**Electronic Transfers:** In case of errors or questions about your electronic transfers
If you think your statement or receipt is wrong or if you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

* Tell us your name and account number.
* Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
* Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

**Reporting Other Problems.** You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or unauthorized transactions within the time periods specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you for, and you agree not to make a claim against us for the problems or unauthorized transactions.

**Direct Deposits.** If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us at the telephone number listed on the front of this statement to find out if the deposit was made as scheduled.

Bank of America, N.A. Member FDIC and 🏠 Equal Housing Lender