# EXHIBIT V

U.S. v. Reed, 221 F.3d 1345 (2000)

221 F.3d 1345
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA8 Rule 28A, FI CTA8 IOP and FI CTA8 APP. I for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Eighth Circuit.

UNITED STATES of America, Appellee,
v.
James W. REED, Appellant.

No. 99–2103. | Submitted June 21, 2000. | Decided June 29, 2000.

Defendant was convicted in the United States District Court for the District of Minnesota, David S. Doty, J., of bank fraud, and was sentenced to term of 46 months' imprisonment and five years' supervised release. Defendant appealed. The Court of Appeals held that: (1) sentence was not excessive; (2) perceived harshness of sentence did not present a reviewable issue; (3) plea agreement foreclosed challenge to calculation of defendant's criminal history score; and (4) court was not required to state on record that it considered statutory factors in determining length of supervised release term.

Affirmed.

West Headnotes (5)

[1]     **Banks and Banking**
        ⬦Prosecutions

Sentence of 46 months' imprisonment, and five years' supervised release, imposed following defendant's conviction for bank fraud was not excessive. 18 U.S.C.A. § 1344.

Cases that cite this headnote

[2]     **Criminal Law**
        ⬦Requisites and sufficiency of judgment or sentence

Perceived harshness of sentence which was at top of applicable Sentencing Guidelines imprisonment range did not present a reviewable issue on direct appeal. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

Cases that cite this headnote

[3]     **Criminal Law**
        ⬦Nature of Decision Appealed from as Affecting Scope of Review

Claim that government had failed to recommend that defendant who had entered guilty plea receive a sentence at the bottom of the applicable Sentencing Guidelines range at the supervised release revocation hearing in a separate case, as required in plea agreement, was beyond the scope of appeal in case in which defendant had entered plea, and was properly raised in an appeal from judgment in separate case.

Cases that cite this headnote

[4]     **Criminal Law**
        ⬦Issues considered

Defendant's plea agreement foreclosed challenge on direct appeal to district court's calculation of his criminal history score for purposes of Sentencing Guidelines. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

Cases that cite this headnote

[5]     **Sentencing and Punishment**
        ⬦Necessity and purpose

U.S. v. Reed, 221 F.3d 1345 (2000)

District court was required neither to make specific findings relating to each of the applicable statutory factors, nor to state on the record that it had considered the factors or explain its reasons for the sentence imposed, when imposing term of supervised release. 18 U.S.C.A. § 3583(e).

Cases that cite this headnote

Appeal from the United States District Court for the District of Minnesota.

Before MCMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

*1 After James Reed pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, the district court[1] sentenced him to forty-six months imprisonment and five years supervised release. On appeal, Reed's counsel has filed a brief and moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); with this court's permission, Reed has filed a pro se supplemental brief. For the reasons discussed below, we affirm.

[1] [2] [3] We reject counsel's argument that Reed's sentence is excessive. Counsel contends that the district court considered the amount of loss in selecting a sentence at the top of the Guidelines imprisonment range, although the loss amount had already been taken into account in calculating Reed's offense level. The perceived harshness of the sentence does not present a reviewable issue, however, *see* 18 U.S.C. § 3742(a), nor does the court's stated reason for imposing a sentence at the top of the Guidelines range support a double-counting argument, *see United States v. Hawkins,* 181 F.3d 911, 912 (8th Cir.), *cert. denied,* 528 U.S. 981, 120 S.Ct. 436, 145 L.Ed.2d 341 (1999). We also reject counsel's argument that, contrary to the plea agreement in this case, the government failed to recommend a sentence "at the bottom of the applicable guideline range" at the supervised release revocation hearing in a separate case. This issue is beyond the scope of the instant appeal and should instead be raised in an appeal from the judgment in that case.

[4] For this reason, we also reject Reed's pro se argument regarding the alleged plea-agreement breach and his challenge to the revocation sentence in that separate case. Reed's attack on the district court's calculation of his criminal history score is foreclosed by the plea agreement, *see United States v. Nguyen,* 46 F.3d 781, 783 (8th Cir.1995), his claim of ineffective assistance of counsel is better deferred to 28 U.S.C. § 2255 proceedings, *see United States v. Martin,* 59 F.3d 767, 771 (8th Cir.1995), and his challenge to the compensation limits for appointed counsel is meritless, *see United States v. Jones,* 801 F.2d 304, 315 (8th Cir.1986). Although Reed contends that the court erroneously applied the 1998 Sentencing Guidelines Manual because his offense conduct ended on October 24, 1997, we conclude that the calculations would be the same under the version in effect on that date.

[5] Finally, we reject Reed's argument that the district court failed to consider the factors required by 18 U.S.C. § 3583(e) when choosing the length of his supervised release term. The court was required neither to make specific findings relating to each of the factors, *see United States v. Graves,* 914 F.2d 159, 160 (8th Cir.1990)(per curiam), nor to state on the record that it had considered the factors or explain its reasons for the sentence imposed, *see United States v. Caves,* 73 F.3d 823, 825 (8th Cir.1996)(per curiam). Having carefully reviewed the record, we are satisfied that the relevant factors were brought to the court's attention, and we find nothing to indicate that the court failed to consider them.

*2 After review of counsel's *Anders* brief and Reed's pro se supplemental brief, along with our independent review of the record in accordance with *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

**All Citations**

221 F.3d 1345 (Table), 2000 WL 862835

U.S. v. Reed, 221 F.3d 1345 (2000)

Footnotes

1   The Honorable David S. Doty, United States District Judge for the District of Minnesota.

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.